# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Civil Action No.: 3:20-cv-00639-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| All Seasons Healthcare, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Government's Motion for Default Judgment, brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (ECF No. 13.) Defendant All Seasons Healthcare, Inc. ("All Seasons") failed to respond to the Government's Motion. For the reasons set forth herein, the court **GRANTS** the Government's Motion for Default Judgment as set forth below. (ECF No. 13.)

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

This case arises from unpaid federal taxes. All Seasons is a business in South Carolina that "provides primary medical care to adults in their home, skilled facilities, assisted living, and retirement communities." (ECF No. 1 at 3 ¶ 9.) Heather Wood, also known as Heather McCloy, and her husband Dr. Stanley W. McCloy, Jr. were employed at All Seasons: Ms. McCloy as the Chief Operating Officer and Dr. McCloy as "the presiding physician." (*Id.*) Dr. McCloy failed to pay his taxes in 2011, leaving an unpaid balance of $50,500.66 "plus interest and other statutory

---

[1] The following facts come from allegations within the Government's Complaint. (*See* ECF No. 1.)

1

additions."[2] (*Id.* ¶ 7.) Similarly, as joint filers in 2013 and 2015, Ms. McCloy and Dr. McCloy did not pay their taxes, owing $103,503.95 "plus interest and other statutory additions." (*Id.* ¶ 8.)

To collect these funds, the IRS filed levies against All Seasons beginning in early 2018. (*Id.* at 4 ¶¶ 12-14.) For each levy, the IRS specifically "issued a Notice of Levy on Wages, Salary, and Other Income (IRS Form 668-W) . . . to All Seasons to collect, at least in part, Dr. McCloy's [and Ms. McCloy's] income tax liability." (*Id.*) But "All Seasons . . . failed to honor the levies and pay the United States the full amount of the funds subject to levy . . . . All Seasons'[] failure, which continues to this day, violates 26 U.S.C. § 6332(a)." (ECF No. 1 at 5 ¶ 20.)

The Government thereafter brought suit against All Seasons on February 5, 2020. (*Id.* at 1.) Despite the fact that All Seasons was properly served twice, Defendant failed to respond to the Complaint.[3] (*See* ECF Nos. 6-1, 6-2.) The Government subsequently requested and received an Entry of Default by the Clerk (ECF No. 11), and filed the instant Motion for Default Judgment (ECF No. 13). The Government attached the affidavit of Supervisory Revenue Officer Johnie Goodlett and other exhibits to its Motion. (ECF No. 13-2.) To date, Defendant has not entered an appearance or otherwise responded in the instant action.

## II. LEGAL STANDARD

The court may enter a default judgment against a party that has not properly responded to a complaint in a timely manner. FED. R. CIV. P. § 55. A defendant has twenty-one days "after being served with the summons and complaint" to file a written response before they may be entered as in default. *See* FED. R. CIV. P. § 12(a)(1). When a defendant defaults, the court is to accept as true

---

[2] Dr. McCloy also failed to pay all of his taxes in 2010, but the IRS recovered these funds after enforcing certain levies against him. (ECF No. 1 at 3 ¶ 7.)
[3] Ms. McCloy is All Seasons' designee for service. (*See* ECF Nos. 6-1, 6-2.) She twice attempted to decline service. (*See id.*)

the well-pleaded factual allegations in the Complaint as to the defendant's liability. *See Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780-81 (4th Cir. 2001). Unlike allegations of fact, the court does not accept allegations regarding damages as true, but rather makes its own independent determination. *See Credit Lyonnais Secs. (USA), Inc. v. Alcantara,* 183 F.3d 151 (2d Cir. 1999). In this regard, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

### III. DISCUSSION

Defendant failed to plead, appear, or otherwise defend against the instant action. Consequently, there is no evidence to refute the Government's allegations and/or evidence as to the amount owed based upon the tax assessments and IRS levies against All Seasons. The Government's allegations and/or evidence are sufficient to establish Defendant's responsibility for failing to comply with the IRS levies described in the Complaint and Motion. Thus, the Government's allegations in the Complaint are deemed admitted and it is entitled to a default judgment against Defendant. FED. R. CIV. P. 55(b)(2). *See, e.g., Bank Meridian, N.A. v. Motor Yacht "It's 5 O'Clock Somewhere" Official No. 1073764,* No. 2:09-CV-0594-MBS, 2011 WL 2491369, at *2 (D.S.C. June 21, 2011); *see also J&J Sports Prods., Inc. v. Collective Minds, LLC*, No. 3:17-CV-02346-CMC, 2017 WL 5988207, at *1 (D.S.C. Dec. 4, 2017) (noting that liability is established by a defendant's default); *J&J Sports Prods., Inc. v. Segura*, No. 3:12-CV-03241-CMC, 2013 WL 1194844, at *2 (D.S.C. Mar. 22, 2013) (same).

As Defendant's liability has been established, the court must determine the amount of damages to be awarded. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

"The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released[.]" 26 U.S.C.A. § 6331(e) (West 2021). If a defendant "fails or refuses to surrender any property or rights to property[] subject to levy," the defendant is liable "in a sum equal to the value of the property or rights not so surrendered[.]" 26 U.S.C.A. § 6332(d)(1) (West 2021). However, a defendant "served with a notice of levy has two, and only two, possible defenses for failure to comply with the demand: that it is not in possession of property of the taxpayer, or that the property is subject to a prior judicial attachment or execution." *Caudle v. Colandene*, 115 F. Supp. 3d 713, 720 (W.D. Va. 2015) (quoting *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 727 (1985)).

Relatedly, failing to comply with a levy "without reasonable cause" creates additional "liab[ility] for a penalty equal to 50 percent of the amount recoverable[.]" 26 U.S.C.A. § 6332(d)(2). "Reasonable case" exists if "there is a bona fide dispute over: 1) 'the amount of property to be surrendered,' or 2) 'the legal effectiveness of the levy.'" *United States v. Vistoso Partners, LLC*, No. CV-10-444-PHX-GMS, 2012 WL 10172, at *6 (D. Ariz. Jan. 3, 2012) (quoting 26 C.F.R. § 301.6332–1(b)(2)); *see United States v. IPS Orlando, LLC*, No. 6:16-CV-2196-ORL, 2018 WL 3850779, at *2 (M.D. Fla. June 21, 2018), *report and recommendation adopted*, No. 6:16-CV-2196-ORL, 2018 WL 3838014 (M.D. Fla. Aug. 13, 2018) (similar).

Here, after careful review, the court finds Defendant shall be liable in the amount requested by the Government. Defendant failed to comply with IRS levies, despite receiving proper notice. (ECF No. 1 at 4 ¶¶ 12-14.) The record reflects Defendant had possession over the income it paid to Ms. McCloy and Dr. McCloy, and there is no suggestion that any other judicial attachment was connected to this income. (*Id.* at 3 ¶¶ 10-11.) Further, Defendant did not have reasonable cause for failing to comply with the levies, as there appears to be no dispute over the amount owed or the

4

levies' legality. Accordingly the court grants the Government's Motion for Default Judgment (ECF No. 13) as set forth below in the Conclusion section below.

## IV. CONCLUSION

For the reasons stated herein, the court **GRANTS** the Government's Motion for Default Judgment. (ECF No. 13.)

Pursuant to 26 U.S.C. § 6332(d)(1), All Seasons is liable to the United States in the amount of $149,275.84 as of July 31, 2020 (which represents Dr. McCloy's outstanding income tax liability of $43,036.34 for tax year 2011 and his joint income tax liability of $106,239.50 for tax years 2013 and 2015), plus interest and statutory additions subsequent thereon, for failure to honor the Notices of Levy on Wages, Salary, and Other Income (IRS Form 668-W) dated January 10, 2018 and March 9, 2018.

Pursuant to 26 U.S.C. § 6332(d)(1), All Seasons is liable to the United States in the amount of $106,239.50 as of July 31, 2020 (which represents Ms. McCloy's joint income tax liability for tax years 2013 and 2015), plus interest and statutory additions subsequent thereon, for failure to honor the Notice of Levy dated July 24, 2018, less any payment attributable to Dr. McCloy towards the taxpayers' joint federal income tax liability for 2013 and 2015.

Pursuant to 26 U.S.C. § 6332(d)(2), All Seasons is liable to the United States in an amount equal to 50 percent of the amounts recoverable under 26 U.S.C. § 6332(d)(1) described above for its failure to honor the Notices of Levy at issue without reasonable cause.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 4, 2021
Columbia, South Carolina